In the Matter of the Petition of HENRY G. SCHAEFER, Individually and as Chairman of the Board of Trustees of the Nassau Police Conference, Inc., and the NASSAU POLICE CONFERENCE, INC., Appellants, for an Order to Compel GEORGE R. HITCHCOCK, as Secretary of the New York State Civil Service Commission, to Remove from the Service Record Cards of Certain Police Officers Named in the Petition Herein any Endorsement or Language Showing a Transfer to the Nassau County Police Department and to Restore Them to the Active Roster of the State Civil Service Commission and to Restrain ABRAM W. SKIDMORE, as Commissioner of Police of the County of Nassau, from Employing the Said Men as Police Officers at Any Rank Other than Those Certified by the State Civil Service Commission, or in the Alternative, to Compel the Said Commissioner of Police to Employ the Said Men as Police Officers at the Respective Ranks Certified by the State Civil Service Commission, Respondents.— Appeal from an order of the Supreme Court, Albany Special Term, which dismissed on the merits a proceeding brought under article 78 of the Civil Practice Act to compel the Secretary of the New York State Civil Service Commission to remove from the service record cards of certain police officers any endorsement of language showing a transfer to the Nassau county police department, and to restore them to the active roster of the State Civil Service Commission, and to restrain Abram W. Skidmore, as commissioner of police of Nassau county, from employing said men as police officers at any rank other than those certified by the State Civil Service Commission, or in the alternative to employ said men as police officers at the respective ranks certified by the State Civil Service Commission. The police department of the villages of East Rockaway and Island Park in Nassau county were merged with the county police department as of January 1, 1939, and pursuant to the provisions of the Nassau County Charter. (Laws of 1936, chap. 879, § 803, as amd. by Laws of 1937, chap. 618, § 22.) Such mergers were effected in substantial compliance with the requirements of the statute. Upon the transfer, the State Civil Service Commission lost jurisdiction over the officers involved so long as the merger continued, and the Nassau county civil service commission acquired jurisdiction and the right to certify the rank of the officers transferred to the board of supervisors. Before it had done so this proceeding was brought. The State Civil Service Commission properly indorsed the record cards of the police officers transferred, showing such transfer to the Nassau county police department. The county police commissioner has not acted unlawfully, and cannot be compelled to employ such officers at any rank other than that certified to by the Nassau county civil service commission. The action of the latter body has been suspended pending the disposition of this proceeding. Order affirmed, with costs. Hill, P. J., Crapser, Heffernan and Foster, JJ., concur; Bliss, J., concurs in the result.